H. SHAPIRO & SONS, INC., Respondent, v. J. A. LA PORTE CORPORATION, Appellant.

PER CURIAM. The trial judge set aside the verdict of the jury upon the ground that the assignment of the H. R. Moch Co., Inc., was not a proper assignment, notwithstanding it is in evidence. This conclusion is not in accordance with the stipulation in the record. The introduction of the assignment was objected to upon the ground that H. R. Moch, the manager of the corporation had no power to make it. To cover that very question, in order that the trial

might proceed, the plaintiff agreed that if it were indemnified against the invalidity of that assignment and against an action by the H. R. Moch Co., Inc., for the claim assigned, the assignment might go in without objection. So it may not now be claimed that it is ineffective to assign the counterclaim upon which the verdict was based. Upon the filing of the bond described in the stipulation by the defendant, the order and judgment of the County Court affirming the order of the City Court setting aside the verdict should be reversed and the order of the City Court reversed and the verdict reinstated and judgment directed to be entered thereon. Van Kirk, P. J., Hinman, Whitmyer, Hill and Hasbrouck, JJ., concur. Order and judgment of the County Court (affirming an order of the City Court setting aside a verdict in favor of the defendant on its counterclaim and restoring the case to the calendar for retrial) and order of the City Court reversed on the law, with costs, and the verdict rendered in the City Court reinstated and judgment directed to be entered for the defendant thereon, with costs, upon the filing by the defendant with the clerk of the City Court of a bond in accordance with the stipulation made at the trial in the City Court.